UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENISE S.,

                        Plaintiff,

v.                                                                        CASE NO 1:21-cv-00692 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     MELISSA M. KUBIAK, ESQ.
  Counsel for Plaintiff                                 KENNETH R. HILLER, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               SIXTINA FERNANDEZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff was born on January 13, 1969, and has less than a high school education. (Tr. 227, 232). Generally, plaintiff's alleged disability consists of fibromyalgia, injuries from a 2004 motor vehicle accident, back pain, and neck pain. (Tr. 226). Her alleged disability onset date is December 31, 2011. (Tr. 232). Her date last insured is December 31, 2014. (Tr. 232).

   B.  **Procedural History**

On January 14, 2019, plaintiff protectively applied for a period of Disability Insurance Benefits (DIB) under Title II, and Supplemental Security Income (SSI) under Title XVI, of the Social Security Act. (Tr. 198-206). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On July 2, 2020, plaintiff appeared pro se and telephonically before ALJ Stephan Cordovani. (Tr. 41-87). On October 1, 2020, ALJ Cordovani issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 20-34). On April 27, 2021, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   C.  **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since December 31, 2011, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairment: fibromyalgia (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently stoop and crouch. The claimant can perform work that does not require climbing ladders, ropes, or scaffolds. She also can perform work that does not require working around hazards, such as, unprotected heights or dangerous moving mechanical parts.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on January 13, 1969 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 20-34).

## II. THE PARTIES' BRIEFINGS

### A. Plaintiff's Arguments

Plaintiff argues the ALJ erred in declining to find her back pain and neck pain severe impairments at Step 2. (Dkt. No. 7 [Pl.'s Mem. of Law].)

### B. Defendant's Arguments

Defendant responds that the ALJ's step 2 finding is supported by substantial evidence but that also any error is harmless because the ALJ proceeded beyond Step 2 of the sequential evaluation. (Dkt. No. 8 [Def.'s Mem. of Law].)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.   Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential

evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

Plaintiff argues that the ALJ erred by not finding her neck pain and back pain severe impairments at step two of the sequential evaluation and by not including restrictions in the RFC to accommodate them. (Dkt. No. 7 at 1). Having reviewed the record in its entirety, this Court finds that the ALJ properly considered plaintiff's neck and back pain at step two and beyond. Remand is not warranted.

At step two of the sequential evaluation process, an ALJ must determine if a claimant has a medically determinable impairment and whether that impairment is severe such that it significantly limits the claimant's physical or mental ability to do basic work activities. However, under the regulations, pain, in and of itself, is not a medically determinable impairment, rather, it is considered a symptom that must be caused by such an impairment. *See* 20 C.F.R. §§ 404.1529 and 416.929. Indeed, plaintiff's statements about her pain or other symptoms do not solely establish disability. *Id*. In sum, pain and its resulting limitations are considered by the ALJ after step two, when the medically determinable impairments have been established.

Here, ALJ Cordovani correctly assessed plaintiff's fibromyalgia as a medically determinable impairment that was severe. (Tr. 26-27). He thoroughly discussed the allegations of neck and back pain at step two, but concluded that the medical record did not support a finding of a medically determinable neck or back impairment. (Tr. 27). In doing so the ALJ accurately explained that such symptoms could be associated with the medically determinable impairment of fibromyalgia. (*Id*.). To be sure, he did not ignore or dismiss plaintiff's subjective complaints of pain but discussed it in detail at step four. (Tr. 29-30).

Notably, during the step two discussion, the ALJ additionally observed that although plaintiff alleged disability dating back to 2011, she testified that she had no medical treatment from 2014 until 2018, because she did not want treatment. (Tr. 26, 29; *see* Tr. 71-72, 424, 440). The ALJ further noted that plaintiff did not try physical therapy, acupuncture, massage therapy or injections for her allegedly disabling neck and back pain. (Tr. 30; *see Navan v. Astrue*, 303 F. App'x 18, 20 (2d Cir. 2008) (finding that the claimant's "claims of total disability were undermined by his failure to seek regular treatment for his allegedly disabling condition").

Even if the ALJ erred in finding plaintiff's back and neck pain not severe at step two, this was no more than a harmless error. The Second Circuit Court of Appeals has explicitly held that any step two error is cured where, as here, the ALJ found other severe impairments and proceeded beyond the step. *See Reices-Colon v. Astrue*, No. 12-3013, 2013 WL 1831669, at *1 (2d Cir. 2013) (summary order); *Stanton v. Astrue*, 370 Fed App'x 231, 233 n.1 (2d Cir. 2010).

Plaintiff essentially argues the ALJ did not properly assess the March 2019 opinion of Dr. Schwab because he did not adopt the opined limitations related to her neck and upper extremities. (Dkt. No. 7 at 7). Consultative examiner John Schwab, M.D., diagnosed plaintiff with neck pain radiating to both upper extremities with backache, history of fibromyalgia, and decreased range of motion in the shoulders. (Tr. 374). As discussed above, pain is not a medically determinable impairment, however the ALJ continued through the sequential evaluation because of the fibromyalgia diagnosis. This argument also fails.

As an initial matter, plaintiff relies on regulations and case law that do not apply to this claim. (Dkt. No. 7 at 8). Because plaintiff applied for benefits after March 27, 2017, the ALJ correctly applied the new set of regulations for evaluating medical evidence, which differs substantially from prior regulations cited by plaintiff. In evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a) *Compare with* 20 C.F.R. §§ 404.1527, 416.927. Under the new regulations, the ALJ must evaluate the persuasiveness of each medical opinion in the record in light of its supportability, its consistency, the relationship between the medical source and the claimant, the source's specialization in a relevant medical field, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id*. § 416.920c(c)(1)-(c)(5). Of these factors, the most important are supportability and consistency.

ALJ Cordovani noted that Dr. Schwab's examination identified decreased neck and back motion and positive straight leg raising tests bilaterally, but physical examinations throughout the relevant period revealed no abnormalities save for occasional muscle tenderness. (Tr. 26, 30; *see* Tr. 345, 357, 360, 364, 382-83, 396, 401-02, 425, 437, 448-49, 488, 507, 514, 539-40). Thus, it was not consistent with the general record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (consistency). The limitations were also not supported by Dr. Schwab's own examination. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (supportability). Dr. Schwab found that plaintiff's gait and stance were normal, deep tendon reflexes were physiologic and equal in all extremities, she had no sensory deficits, no muscle atrophy, no evident trigger points, full range of hip, knee and ankle motion bilaterally, and full (5/5) muscle strength in all extremities. (Tr. 373-74). Further, diagnostic imaging showed that her spine was normal. (Tr. 26; see Tr. 375, 384). The ALJ appropriately considered Dr. Schwab's opinion and reasonably found it was not persuasive.

It is apparent that the ALJ appropriately considered the evidence of record, including opinion evidence, in making the step two determination and in formulating the RFC. The largely unremarkable physical examination and diagnostic findings of record, coupled with plaintiff's failure to seek treatment for four years during the relevant period, provide substantial evidence in support the ALJ's findings. Plaintiff clearly disagrees with the ALJ's evaluation of the evidence. However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record, and both may be affirmed as supported by substantial evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012). That is, "once an ALJ finds the facts, [a reviewing court] can

reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault*, 683 F.3d at 448 (emphasis added). This case does not present such a situation.

**ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is

        **DENIED**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 8) is

        **GRANTED**.

Dated: April 9, 2024  
Rochester, New York

        J. Gregory Wehrman  
        HON. J. Gregory Wehrman  
        United States Magistrate Judge